Filed 9/11/25  P. v. Mendez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUIS MENDEZ, JR.,<br><br>    Defendant and Appellant. | G064231<br><br>(Super. Ct. No. 24WF0114)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lance P. Jensen, Judge. Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Luis Mendez, Jr. appeals from a judgment following a jury trial. After examining the record, his appointed appellate counsel filed a brief setting forth the facts of the case but raising no issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Mendez has filed a supplemental brief. Having considered his brief and having reviewed the record independently, we affirm.

FACTS

Special agents with the California Department of Justice approached Mendez's business and residence in 2022 with a search warrant for firearms registered to him—he had been convicted of misdemeanor domestic violence and thus prohibited from owning or possessing a firearm. (Pen. Code, §§ 243, subd. (e)(1), 29805, subd. (a)(1).)[1]

The agents twice announced their presence with a search warrant and, after 30 seconds with no response, breached the rear door. Inside, they encountered a wooden barricade and began removing it. In response, Mendez fired one shot from a rifle.

The agents retreated. A nine-hour standoff ensued, during which Mendez used a shotgun to shoot down two drones flown into the building and an agent fired back. Mendez ultimately exited the building and was taken into custody. He was charged with attempted murder of a peace officer, three counts of assault with a firearm on a peace officer, resisting an executive officer, and multiple firearm-related offenses, including prohibited ownership or possession of a firearm under section 29805.

---

[1] Undesignated statutory references are to the Penal Code.

Before trial, the prosecution moved to exclude evidence of a Department of Justice investigation of the incident but defense counsel claimed it was admissible to show that the agent who fired into the building had motive to lie about the incident. The trial court excluded the evidence under Evidence Code section 352, subject to reconsideration. But counsel was later able to elicit testimony that another agency investigated the officer-involved shooting.

Mendez asked for a bench trial but defense counsel did not consent and the trial court denied the request. Mendez was recalcitrant, repeatedly interrupting and arguing with the trial court. Just as trial was set to begin, he moved to represent himself. But he also demanded that counsel continue to assist him and refused to cooperate with the court's attempts to ensure a knowing and voluntary waiver of his right to counsel. He claimed he was prepared for trial but acknowledged he had not subpoenaed any witnesses. The court denied his request as untimely and also found that he could not conform his behavior to procedural rules and courtroom protocol.

During trial, the agents testified and the prosecution presented forensic, video, and photographic evidence. Mendez testified that when the incident started, he heard loud banging but did not hear the agents announce their presence because he was wearing ear buds and ear muffs, listening to music. When he saw "black ninja figures" kicking down his wooden gate, he fired a "warning shot." He later shot the drones down because he didn't know what was going on.

In discussing jury instructions, defense counsel asked the trial court to give CALCRIM No. 3477 (Presumption That Resident Was Reasonably Afraid of Death or Great Bodily Injury). The court declined because the agents entered the premises lawfully.

3

After deliberating, the jury convicted Mendez of two counts of assault with a firearm on a peace officer, resisting an executive officer, and the firearm offenses. It also found two firearm-enhancement allegations to be true. The jury acquitted Mendez of attempted murder. The trial court declared a mistrial on the remaining count of assault with a firearm on a peace officer and later dismissed it on the prosecution's motion. The court sentenced Mendez to a total of 36 years 4 months in prison, including both firearm enhancements.

DISCUSSION

To assist this court with its independent review, Mendez's appellate counsel identified nine issues that might arguably support an appeal: (1) whether the trial court erred by denying Mendez's request to represent himself; (2) whether the court erred by denying Mendez's request for a court trial; (3) whether the court prejudicially erred by denying defense counsel's pretrial motion to present evidence of the DOJ investigation of the incident; (4) whether defense counsel provided ineffective assistance by not challenging section 243, subdivision (e)(1), as a basis for prohibiting Mendez from owning a firearm; (5) whether the court erred by admitting two images of 3D scans of the building; (6) whether the court erred by allowing the jury to keep the transcript to a video the prosecution introduced; (7) whether the court prejudicially erred by not instructing on CALCRIM No. 3477; (8) whether the court erred by sentencing Mendez consecutively on the two counts of assault on a peace officer; and (9) whether the court erred by imposing both firearm enhancements.

We have reviewed the information counsel provided and have independently examined the record. We found no arguable issues. (*People v. Wende, supra*, 25 Cal.3d 436.)

4

Mendez's supplemental brief is over 200 pages long and includes large volumes of extraneous material. To the extent it presents relevant contentions, the brief is hard to follow. We nevertheless discern a few claims, which we address. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110 [when appellant raises contentions in *Wende* appeal, court must address them].)

Initially, we construe Mendez's claim that he "fired" his appointed appellate counsel as either a motion to represent himself or a motion to obtain substitute counsel. He is entitled to neither. (See *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152, 163 [no constitutional right to self-representation on appeal]; *People v. Clark* (2011) 52 Cal.4th 856, 994, fn. 41 ["defendant has no right to appointed counsel of choice, under the due process clause, the Sixth Amendment, or any other constitutional guarantee"].) Because we find no arguable issue on appeal, we find no basis to conclude that appointed counsel rendered ineffective assistance on appeal.

Next, Mendez's speedy trial rights under section 1382, subdivision (a)(1), were not violated because the original information was filed one day after Mendez was held to answer. (*Ibid.* [information must be filed within 15 days after defendant is held to answer].) Nor did the information's failure to name a specific victim for each count violate his constitutional rights. (*People v. Stone* (2009) 46 Cal.4th 131, 141 [where defendant is not alleged to have targeted specific person, information need not name victim].) The trial court permissibly excluded testifying witnesses from trial. (Evid. Code, § 777, subd. (a).) We see no basis to invalidate the search warrant, which is not in the record. Prohibiting Mendez from owning firearms based on his prior domestic violence conviction did not offend the Second Amendment. (E.g., *United States v. Nutter* (4th Cir. 2025) 137 F.4th

5

224, 231.) Contrary to Mendez's assertion, the firearm-possession ban under section 29805, subdivision (a)(1), expressly applies to people who, like him, were convicted under section 243. We disregard his conclusory allegations of bias by the trial court and we see nothing in the record supporting those allegations. We similarly disregard his claims based on information not in evidence. Accordingly, Mendez has failed to raise any arguable issue on appeal.

## DISPOSITION

The judgment is affirmed.




SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.